JUDGE COTE

10 CV 2480

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DARIUS CHARNEY

              Plaintiff,          x

    -against-                            x

THE CITY OF NEW YORK, a municipal entity,   x
NEW YORK CITY POLICE COMMISSIONER
RAYMOND KELLY; NEW YORK CITY POLICE x
OFFICER SEAN FARMER and NYPD Officers
JOHN DOES 1-5, (whose identities are unknown   x
but who are known to be Police Officers and/or
supervisory personnel of the New York City Police x
Department), individually and in their official
capacities,                                   x

              Defendants.       x

------------------------------------------------------------ x

ECF CASE

**COMPLAINT**
**JURY TRIAL DEMANDED**



## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff DARIUS CHARNEY seeks relief for defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, on or about April 25, 2008.

2.      Defendants, THE CITY OF NEW YORK, a municipal entity; NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY; NEW YORK CITY POLICE OFFICER SEAN FARMER and NYPD Officers JOHN DOES 1-5 (whose identities are unknown but who are known to be Police Officers and/or supervisory personnel of the New York City Police Department), acting individually and in their official capacities, jointly and severally, did cause

plaintiff DARIUS CHARNEY to be subjected to, *inter alia*, excessive and unreasonable force and false arrest and imprisonment causing him physical and mental injury.

3. Plaintiff seeks compensatory damages, permanent injunctive relief enjoining the defendants from continuing to implement the policies, practices and/or customs described herein, including the policy, custom and practice of arresting legal observers and other bystanders without probable cause, and punitive damages.

4. In bringing the foregoing claims for injunctive relief, plaintiff alleges that as an attorney and a Legal Observer he has been and will in the future be irreparably harmed by the denial of and/or the threat of future violations of his First Amendment Rights and his right to be free from illegal search and seizure.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff's claim for declaratory relief is authorized by 28 §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1), in that this is the judicial district in which one or more of the defendants reside.

## JURY DEMAND

8. Plaintiff demands trial by jury in this action on each and every one of his claims.

## PARTIES

9. Plaintiff, DARIUS CHARNEY, is a citizen of the United States, and was at all times relevant herein a resident of the City of New York, County of Kings, State of New York. At the time of the incident herein, CHARNEY was an attorney practicing at the Center for Constitutional Rights.

10. Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11. Defendant RAYMOND KELLY, is and was, at all times relevant to this complaint, Commissioner of the New York City Police Department ("NYPD") and a final policy maker for purposes of the NYPD's policies, practices and customs.

12. Defendant SEAN FARMER, is or was at all times relevant to this complaint, a police officer employed by the NYPD.

13. Defendants JOHN DOES 1-5, are, or were at all times relevant to the complaint, police officers, supervisors, and/or commanders in the NYPD, and include individuals who assisted and/or conspired to and/or acted in concert and/or did engage in the violations of plaintiff's rights described herein, or who failed to protect the plaintiff from violations of his constitutional rights.

14. Defendants RAYMOND KELLY, SEAN FARMER and JOHN DOES 1-5 (collectively, "the individual defendants") are, or at all times relevant to the complaint, were, employees, agents, servants, and/or officers of the City of New York and/or the NYPD.

15. At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his duties and functions as an agent, employee, servant and/or officer of the City and/or NYPD in engaging in the conduct described herein.

16. At all times relevant herein, the individual defendants have acted for and on behalf of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as officers, agents, employees, and/or servants of the City and/or NYPD.

17. At all times relevant herein, the individual defendants violated clearly established constitutional standards under the First, Fourth, Fifth and Fourteenth Amendments of which a reasonable police officer and/or public official under his respective circumstances would have known.

## STATEMENT OF FACTS

18. On April 25, 2008, at approximately 11:15 p.m., plaintiff CHARNEY was walking west on Archer Avenue, near 149th Street in Jamaica, Queens.

19. CHARNEY and two of his then co-workers had just left the scene of a lawful, peaceful protest in front of the NYPD's 103rd Precinct.

20. CHARNEY and his then co-workers had attended the protest and a memorial for Sean Bell as Legal Observers trained by the National Lawyers Guild to observe the First Amendment activity of the protestors and the actions of the NYPD in policing the event.

21. CHARNEY was identifiable as a Legal Observer because of his badge and a neon green hat which he was wearing at all times relevant herein, both of which are known to the NYPD as identifying him as a Legal Observer.

22. As CHARNEY was walking, he noticed two NYPD officers push a young man,

4

who CHARNEY recognized from the protest, against a chain link fence and begin to frisk him.

23. Without in any way interfering with any police activity, CHARNEY observed the officers arrest the young man, handcuff him, and walk him east on Archer Avenue towards a marked police van.

24. CHARNEY asked the young man for his name so that he could contact the National Lawyer's Guild to assist the man in finding a criminal defense attorney.

25. CHARNEY also asked the officers involved for their names and badge numbers on three occasions, but the officers did not respond with this information.

26. At no time did CHARNEY make any contact with or in any way obstruct the path of the officers or the arrestee; or take any action to interfere or incite others to interfere with any police officers.

27. After the officers placed the young man into the police van, defendant FARMER approached plaintiff, grabbed him, turned him around, handcuffed him and put him in the police van.

28. FARMER placed the handcuffs on CHARNEY in an excessively tight manner, causing plaintiff to lose feeling in his left hand.

29. Despite plaintiff's requests to FARMER and the other individual defendants, his handcuffs were not removed or loosened until several hours later.

30. At no time prior to being grabbed, assaulted and arrested by the defendant police officers was plaintiff DARIUS CHARNEY engaging in any unlawful, wrongful or disorderly conduct.

31. At no time did plaintiff resist arrest or engage in any conduct that could reasonably

be construed as endangering or threatening any police officer or any other individual, or interfering with the police officers performance of their official duties.

32. CHARNEY was transported by van to the 107th Precinct and then later to Queens Central booking.

33. Plaintiff spent a total of approximately 23 hours in custody.

34. CHARNEY was falsely accused on charges of Obstructing Governmental Administration by defendants.

35. After a number of appearances in Queens County criminal court, on July 22, 2008, CHARNEY's case was dismissed.

36. The arrest of plaintiff was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted a false arrest.

37. The use of force against plaintiff was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted excessive force against plaintiff's person's, causing him physical injury.

38. The plaintiff acted as a legal observer in the past and would like to do so in the future, but has hesitated to do so out of fear that he will be subject to false arrest and excessive force.

39. As a direct and proximate result of the actions and conduct of the defendants, plaintiff suffered physical and mental injury, pain and suffering, mental anguish, emotional distress, deprivation of liberty, and deprivation of his constitutional rights.

40. The individual defendants' act and omissions described above were intentional, wanton, willful and malicious, and were performed with deliberate indifference and/or reckless

disregard of the plaintiffs' constitutional rights, entitling the plaintiffs to punitive damages.

**FIRST CAUSE OF ACTION**
(Constitutional Violations - 42 U.S.C. § 1983)
Against FARMER and JOHN DOES 1-5

41. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. Defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    A. freedom to engage in protected speech;

    B. freedom from unreasonable seizure of one's person, including excessive force;

    C. freedom from arrest without probable cause;

    D. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff was aware and to which he did not consent;

    E. freedom from the lodging of false charges against him by police officers;

    F. freedom from abuse of process; and

    G. freedom from deprivation of liberty without due process of law.

43. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Failure to Intervene - Fourth Amendment - 42 U.S.C. § 1983)
Against JOHN DOES 1-5

44. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

45. Members of the NYPD have a continuing affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

46. Defendants JOHN DOES 1-5 were present on the evening of June 21, 2007 on Archer Avenue near 149th Street in Queens, New York and witnessed Officer FARMER falsely arrest plaintiff DARIUS CHARNEY.

47. FARMER's use of force against plaintiff was obviously excessive and unjustified under the circumstances yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from Officer FARMER.

48. The arrest of plaintiff was clearly without probable cause or other legal justification and in retaliation for CHARNEY's appropriate inquiries regarding the stop and arrest of another individual, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from being unlawfully and wrongfully arrested.

49. Defendants' violation of plaintiff's constitutional rights by failing to intervene in FARMER's clearly unconstitutional use of force and plaintiff's unconstitutional arrest resulted in the injuries and damages set forth above.

## THIRD CAUSE OF ACTION

(Individual Supervisory Liability - 42 U.S.C. § 1983)
Against Supervisor JOHN DOES

50. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

51. Individual defendants Supervisor JOHN DOES were, at all relevant times, supervisory personnel in the NYPD, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer defendants who deprived plaintiff of his federal constitutional rights.

52. The individual supervisor defendants knew or should have known that the named and/or unnamed individual police officer defendants were conducting an unreasonable and retaliatory seizure and false arrest of plaintiff DARIUS CHARNEY.

53. The individual supervisory defendants knew or should have known that the named and unnamed individual police officer defendants failed to intervene in FARMER's use of excessive force against plaintiff or in the plaintiff's clearly unlawful arrest.

54. The individual supervisor defendants were personally involved in either ordering, or failing to take preventative and remedial measures to guard against, plaintiff's constitutional deprivations. The supervisory defendants knew, or in the exercise of due diligence, should have known, that the actions taken against plaintiff by the named and unnamed individual police officer defendants was likely to occur.

55. The failure of the individual supervisor defendants to train, supervise and/or discipline the named and unnamed individual police officer defendants with respect to the constitutional rights of civilians, as well as the failure to intervene to prevent either the false arrest or the use of excessive

force against plaintiff, amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to plaintiff set forth above.

### FOURTH CAUSE OF ACTION
(Monell Claim Against Defendants CITY and KELLY - 42 U.S.C. § 1983)

56.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

57.   All of the acts and omissions by the named and unnamed individual police officer defendants described above were carried out pursuant to overlapping policies and practices of the City of New York which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the defendant CITY and its agency, the NYPD.

58.   Defendant CITY and the NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

59.   The actions of the individual police defendants resulted from and were taken pursuant to the following *de facto* policies and/or well-settled and widespread customs and practices of the CITY, which are implemented by members of the police department:

   a.   NYPD officers engage in systemic and ubiquitous perjury, both oral and written, to cover-up constitutional violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates. They do so with the knowledge and approval of their supervisors, commanders and Police Commissioner KELLY;

    b.    the NYPD, with the knowledge, approval and encouragement of Police Commissioner KELLY, fails to properly train, supervise and/or discipline officers concerning the First Amendment rights of bystanders to observe and protest police (mis)conduct without suffering retaliatory use of force, false arrest and/or malicious prosecution.

    c.    the NYPD, with the knowledge, approval and encouragement of Police Commissioner KELLY, fails to properly train, supervise and/or discipline officers concerning the First Amendment rights of Legal Observers to perform a monitoring function at protests and other functions with an NYPD presence.

60.    The existence of the foregoing unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and officials of the NYPD and the CITY, including, without limitation defendant Commissioner KELLY.

61.    Despite knowledge of such unlawful *de facto* policies, practices and/or customs, these supervisory and policy-making officers and officials of the NYPD and the CITY, including defendant Commissioner KELLY, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such polices, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of

persons in the City of New York.

62. The aforementioned CITY policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein.

63. The aforementioned CITY policies, practices and/or customs of failure to properly train, supervise and/or discipline officers concerning the First Amendment rights of bystanders to observe and protest police (mis)conduct without suffering retaliatory use of force, false arrest and/or malicious prosecution is evidenced by, *inter alia*, the number of bystander cases, including this one, that plaintiff's counsel alone has handled or is handling in recent history. *See, e.g., Warren v. City of New York, et al.* 08-CV-3815 (E.D.N.Y); *Ghoreishian and Dickson v. City of New York, et al.*, 08-CV-5296 (S.D.N.Y.); *Stuart, et al. v. City of New York, et al.*, 07-CV-3750 (E.D.N.Y.); *MacNamara v. City of New York, et al.* 04-CV-9216 (S.D.N.Y.).  *See also Holloway v. City of New York*, Index No. 012525/2003 (Sup. Ct. Kings Co.).

64. Upon information and belief, the City has been made aware of other instances of improper bystander arrests, either by complaints or lawsuits, during the relevant time period and has failed to take any steps to prevent such illegal conduct.

65. Upon information and belief, the above-noted failure to properly train, supervise and/or discipline officers concerning the First Amendment rights of bystanders and/or Legal Observers is further evidenced by, *inter alia*, the absence of any meaningful training materials or curriculum on the issue of bystanders or Legal Observers in the Police Academy and post-Academy trainings.

66. The plaintiff's injuries were a direct and proximate result of the defendant CITY

and its agency, the NYPD's, wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant CITY and the NYPD to properly supervise, train and discipline their police officers.

67. Defendant CITY knew or should have known that the acts alleged herein would deprive plaintiff of his rights, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

68. The defendant CITY is directly liable and responsible for the acts of the individual police defendants because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulations of the NYPD, and to require compliance with the constitutions and laws of the United States.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

(a) a declaration that defendants violated the federal civil rights of plaintiff;
(b) compensatory damages for physical, emotional, and economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;
(c) punitive damages against the individual defendants to the extent allowable by law;
(d) an order enjoining defendants' policies, practices and/or customs of violating the the First Amendment rights of Legal Observers and bystanders to observe and protest police (mis)conduct without suffering retaliatory use of force, false arrest and/or malicious prosecution.
(e) attorneys fees;
(f) the costs and disbursements of this action; and
(g) such other and further relief as appears just and proper.

Dated: New York, New York
March 18, 2010

_____
Jonathan C. Moore (jmoore@blhny.com)
Rachel Kleinman (rkleinman@blhny.com)
BELDOCK, LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

*Attorneys for the Plaintiff*